# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  v.                              **Case No. 08-CR-335**

**JOHN CARL BREILING**
    **Defendant.**

## ORDER

The government charged defendant John Breiling with passing fictitious financial instruments, contrary to 18 U.S.C. § 514(a)(2). Defendant initially proceeded pro se, filing various documents including a "notice of waiver of benefits and notice dissolving all adhesion contracts," an "affidavit of specific negative averment," and an "affidavit of non corporate status." The magistrate judge handling pre-trial proceedings concluded that none of these filings constituted a valid pre-trial motion and transferred the case to me for trial. Defendant then filed a document captioned "Notice of Objection." Defendant did not in that filing object to the magistrate's judge order but rather to the "lack of ratification of commencement." In an attachment, he quoted Fed. R. Civ. P. 17(a), "Real Party in Interest," and Fed. R. Civ. P. 1 [sic], "One Form of Action,"[1] and claimed that "all crimes are commercial." He also attached various UCC forms.

At the final pre-trial, after a colloquy with the court, defendant agreed to accept representation from Federal Defender Daniel Stiller. I granted Stiller's request to adjourn the trial based on the need to prepare.

---

[1]Rule 2, not Rule 1, is titled "One Form of Action."

A few days later, defendant filed a pro se letter in which he indicated that he had not received a response to his previous "Notice of Objection." He stated that he did not believe Case No. 08-CR-335 was a criminal case because all crimes are commercial, and he is not a corporation. He stated that he did not believe the United States had a claim against him.

I generally do not consider pro se submissions from represented litigants. However, in order to put these issues to rest, I issue this order. None of defendant's pro se filings provide a basis for questioning the jurisdiction of this court over defendant or the charged offense, or the authority of United States Attorney's Office to prosecute the case. The district court has personal jurisdiction over any defendant brought before it, e.g., United States v. Marks, 530 F.3d 799, 810-11 (9th Cir. 2008); United States v. Burke, 425 F.3d 400, 408 (7th Cir. 2005), and subject matter jurisdiction over all offenses against the laws of the United States, 18 U.S.C. § 3231. Like others who cite 27 C.F.R. § 72.11 for the proposition that "all crimes are commercial," defendant is off base. See, e.g., Jones v. United States, No. 2:07-cv-448, 2008 WL 2901050, at *2 (M.D. Fla. July 23, 2008); United States v. Smoove, No. 06-40088, 2008 WL 2275568, at *2 (D. Kan. June 3, 2008). Similarly unavailing is his notation that he is "sovereign-in-fact." See United States v. Sanner, No. 07-3738, slip op. at 7-9 (7th Cir. May 14, 2009) (discussing a similar contention). Finally, the United States Attorney possesses the authority to prosecute all offenses against the laws of the United States within her district. 28 U.S.C. § 547. I urge defendant to cooperate with his counsel regarding the genuine legal issues discussed at the final pre-trial.

Dated at Milwaukee, Wisconsin, this 15th day of May, 2009.
/s Lynn Adelman

_____
LYNN ADELMAN
District Judge